RECEIVED
IN ALEXANDRIA, LA
DEC 22 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW JAMES ROBINSON | DOCKET NO. 06-CV-1436 |
| VERSUS | JUDGE DRELL |
| LIBBY TIGNER and HENRY GOINES | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is Andrew James Robinson's pro se civil rights complaint (42 U.S.C. § 1983) filed, *in forma pauperis*, on August 22, 2006. Robinson is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He seeks one million dollars from each defendant for false imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner filed suit for damages for false imprisonment. He claims that his sentence was not properly computed under Act 138[1], which, in general, allows a state prisoner to receive good time credit toward a diminution in sentence for time spent in prison. Petitioner argues that he did not receive good time credit to which he was entitled, resulting in an improper calculation of his sentence. Therefore, Petitioner claims he has been falsely imprisoned.

Petitioner submitted a request for a First Step ARP regarding the computation of his sentence, which was denied. The response stated that Petitioner's time *had* been computed under Act 138 as of 5/16/95, which is the date Petitioner opted to receive "Double Good-time" under that Act. [Doc.

---

[1] LSA-R.S. 15:571.3(B), enacted by Acts 1991, No. 138.

#1-1, p.5] Petitioner had previously refused that option on 1/10/94. Petitioner filed a Second Step ARP request with the Louisiana Department of Public Safety and Corrections. The secretary denied Petitioner's request for relief stating, "As Ms. Tigner explained, you signed the double good time option rate and approval form effective May 16, 1995. Your release dates were accurately computed according to Department Regulation B-04-001." [Doc. #1-1, p.6]

After the administrative denials, Petitioner filed suit in the 19th Judicial District Court in East Baton Rouge Parish. [Doc. #1-1, p.1; Andrew James Robinson v. Libby Tigner, et al, Docket No. 532,394, Sec. 27] According to Petitioner, his suit was dismissed on July 7, 2006. Thereafter, Petitioner filed suit in this Court.

## LAW AND ANALYSIS

Petitioner claims that his state sentence was improperly calculated, resulting in Petitioner's false imprisonment. It is well established that, in order to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id. The complaint must be dismissed unless and until the plaintiff demonstrates that the conviction or sentence has been invalidated. Id.

Petitioner's false imprisonment claim implicates the validity of his criminal sentence.

2

Plaintiff does not allege, nor does the published jurisprudence of the State of Louisiana establish, that this conviction, or the sentence imposed, has been set aside. Accordingly, Plaintiff's claim of false imprisonment is barred by Heck at this time. See Lewis v. Smith, 111 Fed. Appx. 305, 306 (5th Cir. 2004)[2], citing Heck 512 U.S. at 486-87. The claim must be dismissed with prejudice for failure to state a cognizable claim. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996)(Claims barred by Heck are legally frivolous).

THEREFORE, IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE subject to reassertion if the requirements of Heck v. Humphrey are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

---

[2]Unpublished opinion.

3

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 28 day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4